CHRISTOPHER J. DiCICCO, ESQ.
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*Attorneys for Defendant Red Hook
Container Terminal, LLC*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005
(212) 376-6400

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------x

LEXINGTON INSURANCE COMPANY as
subrogee of UNION ELECTRIC STEEL
CORPORATION,

               Plaintiff,

-   against –

RED HOOK CONTAINER TERMINAL,
LLC,

               Defendant.
--------------------------------------------------------x

Civil Docket No.:

CIVIL ACTION

NOTICE OF REMOVAL

To:    United States District Court, District of New Jersey

       PLEASE TAKE NOTICE that defendant, RED HOOK CONTAINER TERMINAL, LLC

("RHCT"), by its attorneys, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN,

removes this case from the Superior Court of the State of New Jersey, County of Essex, and in

support of removal states, under penalty of perjury:

       1.    A civil action brought in a state court of which the district courts of the United

States have original jurisdiction may be removed by the defendant to the district court of the

United Sates for the district and division embracing the place where such action is pending. 28

U.S.C. § 1441(a).

2.     28 U.S.C. § 1446 requires that a defendant who wants to remove a civil action to file a notice of removal, together with copies of all process, pleadings, and orders served upon it, within thirty (30) days of receipt of the initial pleadings.

## RELEVANT PROCEDURAL HISTORY

3.     A civil action was commenced by the plaintiff, LEXINGTON INSURANCE COMPANY as subrogee of UNION ELECTRIC STEEL CORPORATION ("LEXINGTON") against RHCT in the Superior Court of the State of New Jersey, County of Essex, Docket No.: ESX-L-3116-14.  LEXINGTON is the subrogated insurer of Union Electric Steel Corporation, believed to be a Pennsylvania corporation with its principal place of business at 726 Bell Avenue, Carnegie, PA  15106.

4.     The Complaint was filed with the Superior Court, Essex County, on or about May 1, 2014. **(Exhibit "A")**.  It was served on May 19, 2014.  No Answer was filed in the state court action on behalf of RHCT.  This removal is being filed within thirty (30) days of service as required by 28 U.S.C. 1446(a).

## GROUNDS FOR REMOVAL

5.     The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters on diversity of citizenship of the parties.

6.     RHCT is a New York limited liability corporation.   Each of its members resides in the State of New York. *See*, Department of State Record.  **(Exhibit "B")**.

7.     The plaintiff's Complaint alleges that plaintiff conducts business in the State of New Jersey and maintains offices at 175 Water Street, New York, New York  10038.

8.      Notwithstanding the fact that LEXINGTON may maintain offices in New York, LEXINGTON, a member of AIG, upon information and belief, is a Delaware corporation with its principal place of business in Massachusetts.  *See*, **Exhibit "C"**, a copy of Legal Notice from AIG's website.

9.      Defendant believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, based on the allegations in the Plaintiff's Complaint.

10.      Removal of this action to the United States District Court is proper under U.S.C. § 1441(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties.  The United States District Court would, therefore, have original jurisdiction over this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

11.      Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. 1446(d), as evidenced in the annexed Certificate of Service.

12.      Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Superior Court of the State of New Jersey, County of Essex, in accordance with 28 U.S.C. § 1446(d).

13.      By filing this Notice of Removal, defendant does not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

WHEREFORE, the defendant gives notice that the above-referenced action, pending against it in the Superior Court of the State of New Jersey, County of Essex, has been removed to this Court.

Dated: New York, New York
June 18, 2014

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*Attorneys for RED HOOK CONTAINER
TERMINAL, LLC*

BY: _____
CHRISTOPHER J. DiCICCO
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY  10005-1801
(212) 376-6428
E-mail: cjdicicco@mdwcg.com
(File:  14041.00133)

TO:    Christopher Konzelmann
WHITE & WILLIAMS LLP
Liberty View
457 Haddonfield Road – Suite 400
Cherry Hill, NJ  08002-2220
(856) 317-3600

27/1894954.v1

4

## CERTIFICATE OF SERVICE

I certify that on June 18, 2014, I electronically filed a NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system and mailed copy of same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal service by first class mail, addressed to the last known address of the addressees indicated below:

Christopher Konzelmann
WHITE & WILLIAMS LLP
Liberty View
457 Haddonfield Road – Suite 400
Cherry Hill, NJ  08002-2220
(856) 317-3600

Dated: New York, New York
   June 18, 2014

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*Attorneys for Defendant Red Hook Container Terminal, LLC*

BY: _____
CHRISTOPHER J. DiCICCO
Wall Street Plaza
88 Pine Street - 21st Floor
New York, NY  10005-1801
(212) 376-6400
(File:  14041.00133)